# COURT OF APPEALS.

CALVIN GOODWIN, appellant agt. MARY NELIN, respondent.

Where a *contract* for the purchase of a lot of land is conditioned that a conveyance
is not to be given until the terms of the contract are performed, by the payment
of the whole purchase money, $500, in yearly payments, and at the expiration of
the time for the payment of the whole there remains a balance due and unpaid of
$200, and the vendor thereupon declares the contract void, and proceeds in an
action of ejectment and gets possession of the premises, the vendee and those under
whom he claims, never having paid or tendered the amount due upon the contract,
have no claim legally or equitably to the title of the premises.

*September Term,* 1867.

THIS action was originally commenced by Jonathan Good-
win, who died, and by his last will and testament gave all
his right, title and interest in the subject matter in contro-
versy to the present plaintiff, Calvin Goodwin; and the suit
has been continued in his name.

The complaint set forth that one Francis Hunt had a con-
tract, in writing, with one Albert G. Bristol, for the pur-
chase of a piece of land in the city of Oswego, for the sum
of $500; that said Bristol had covenanted and agreed with
said Hunt that, on payment of said sum and the interest
thereon, he would convey the said land to him by a good
deed, in fee simple; that said Hunt, during his lifetime, had
paid the whole amount of said purchase money, and had
fully performed all the covenants on his part required by said
contract; that said Hunt took possession of said premises,
and retained possession thereof until his death; that upon
his death, the defendant, Mary Nelin, a sister of said Hunt,
took possession of said premises, to the exclusion of the other
heirs of said Hunt, and retained the same.    The complaint
further stated that proceedings had been instituted by the
administrators of said Hunt, before the surrogate of Oswego
county, for the sale of the real estate of said Hunt; that such
sale was ordered and had, and that on such sale the said

Jonathan Goodwin had become the purchaser thereof, and had received a deed therefor.

The complainant prayed that the defendant might be ordered and adjudged to deliver up said contract and receipts therein mentioned; might come to an account for all moneys paid by her on account of said purchase, if any; might also account for the rents and profits of said premises, and might be decreed to deliver up the possession thereof; or for such other relief as the said plaintiff might be entitled to.

The action was tried by the court without a jury, and the following facts were found:

*First.* That said Francis Hunt, sometime between the years 1845 and 1850, contracted to purchase of Albert G. Bristol, of Rochester, the piece of land mentioned in the complaint, on the north end of block No. 86, in the city of Oswego, for the sum of $500, part of which was paid down, and the remainder was to be paid in yearly payments; said Bristol to give a deed therefor on the payment of all the purchase money at the times when the same became payable, according to said contract; that the contract by its terms was to become void on failure *to pay according to its terms;* and possession was taken of said lot by said Hunt. The purchase money all became due before September 20th, 1852; and at that date there remained due and unpaid on said contract $200 of principal, besides interest, which moneys so due have not been paid or tendered to said Bristol, or to any one else.

*Second.* That said Francis Hunt died on the 16th of September, 1851, intestate, leaving Denis Nelin and Mary Nelin in possession of said lot; that such proceedings were had before the surrogate of Oswego county that, on the 11th day of May, 1853, letters of administration upon the estate of said Francis Hunt were issued to Catharine Oats and Thomas Hunt, they executing the usual bond in such case; that such proceedings were thereafter had on the application of said Catharine Oats, before said surrogate; that afterwards,

on the 6th of February, 1854, the said surrogate ordered said administratrix to sell and assign all the interest of said contract, subject to all payments that were to become due thereon, after the granting of said order for the payment of the debts of said intestate; that, before granting such order, no bond was given, such as is required by the statutes, on ordering the mortgaging, leasing or selling of real estate of deceased persons for payment of their debts; that on the 9th of August, 1854, such bond was executed and acknowledged, and marked by the surrogate thus: "Approved Aug. 9th, as of February 6th, 1854; that by virtue of said order of sale, said administratrix, on the 30th of September, 1854, sold said contract to Jonathan Goodwin for $250; that on the 9th of October, 1854, said sale was confirmed by an order of said surrogate; that neither on the proceedings for such sale, nor at any time, was any other bond than the two mentioned made or executed, or filed with said surrogate.

· *Third.* That on the 20th day of September, 1852, $200 of principal, with interest, being due and unpaid on said contract, the said Bristol declared said contract void, and commenced an action of ejectment in the supreme court, for the recovery of the possession of said lot, against the said Denis Nelin and Mary Nelin his wife, the parties in possession of said lot; that such proceedings were had in such action that afterwards, on the 30th day of October, 1852, judgment was duly rendered in said action in favor of the plaintiff therein for the possession of said premises and for $13.35 costs.

*Fourth.* That on the 15th day of June, 1853, the said Bristol sold and conveyed the said lot to the said defendant, Mary Nelin.

And as matter of law, the court did find and decide that the proofs did not sustain the action. Whereupon the complaint was dismissed and judgment rendered for the defendant, and on appeal the same was affirmed; and the plaintiff now appeals to this court.

Upon the trial, the defendant produced the judgment roll

in the action of ejectment, in favor of Bristol, against said Denis and Mary Nelin, and the plaintiff objected that this constituted no defense; but the court held that it did, unless obviated by showing that it was fraudulent, to which the plaintiff excepted. Plaintiff offered to show the declaration of the defendant, to the effect that she had paid to Bristol the whole amount due upon the contract, and had received a deed from Bristol for the said premises; and also offered to show the assignment of demands to Goodwin against Francis Hunt, by his administratrix, and offered to prove the execution of a conveyance by said administratrix, dated October 9th, 1854, to said Goodwin, of all the interest of said Francis Hunt in said real estate, and in all contracts for the purchase thereof. All of which was excluded, and the plaintiff excepted. The plaintiff also excepted to the decision of the court dismissing the complaint.

WM. TIFFANY, *for appellant.*
D. H. MARSH, *for respondent.*

DAVIES, Ch. J. These exceptions present the only question for the consideration of this court. Upon the facts found by the court, it is very clear that the plaintiff had no standing in court to impeach the title of the defendant, Mary Nelin, to the lot in question. He certainly had no greater rights than were possessed by his grantor, the administratrix of Francis Hunt. If it be true, as found by the court, that the contract, by its terms, had terminated, and Bristol had the right to declare it forfeited and terminated, as it is found he did, and proceeded to enforce his rights upon that basis, and did recover the possession of said premises, it is not seen why he had not a perfect right to sell the said premises to whomsoever he pleased, and why the defendant could not purchase the same and acquire a perfect title thereto. Upon these facts, no title or interest remained in the estate of Francis Hunt, at the time of the initiation of the proceed

ings in the surrogate's court, to sell his real estate or his interest in the said contract of purchase. By the terms of the contract, that interest had terminated on the 20th day of September, 1852; and on that day Bristol, by the act of commencement of the action of ejectment, elected so to regard it, and on the 30th day of October succeeding obtained judgment in said action, and was therefore entitled to the possession of said premises. It is not pretended that said recovery was fraudulent or collusive.

On the 15th of June, 1853, Bristol, then the owner of said premises, sold and conveyed the same to the defendant, Mary Nelin, for a valuable consideration; and this action is on the notice of an ejectment to recover such possession. It cannot be maintained, for the very obvious reason that the plaintiff has shown no title to the premises claimed. He cannot recover upon the weakness of the defendant's title, but upon the strength of his own. The title of the plaintiff was acquired more than a year after the defendant had received a deed for the premises in dispute from the conceded true owner thereof, and when she was in possession of said premises and holding the same adversely to any title the plaintiff had or could have from the representatives of Francis Hunt. If he had survived, he could not have set up any title to said premises until he had performed, or offered to perform, said contract on his part. This neither the plaintiff nor those from whom he derived title had ever done. If they had any right, or had acquired any under such contract, it could not be asserted or enforced, unless it was made to appear that they, or those under whom they claim, had performed the same, or had offered to perform on their part. They were clearly not entitled to a deed from Bristol until this was done. And as the court had found as a fact that the money due upon this contract was never paid to Bristol or tendered to him or any one else, it is very apparent that the plaintiff, or those under whom he claims, never had or were entitled to have a title to said premises.

Goodwin agt. Nelin.

If we assume that the defendant succeeded to all the duties and responsibilities imposed by the contract upon Bristol, and that the plaintiff has possessed himself of all the rights of Hunt under the contract, how then stands the plaintiff's right to maintain this action? It cannot be contended, as has been already observed, that he has any greater or other rights under the contract than Hunt would have had, if living. Before he or his assignor could have obtained title to the premises in question, by virtue of this contract, it was a prerequisite on his part that there should have been performance by him, or an offer to perform, and payment of the amount due, or tender of such payment. None of these things were done; and the court has found the fact that the moneys due upon the contract were never paid or tendered to Bristol, or to any one else. This latter branch of the finding is sufficiently comprehensive to include the defendant. We thus see that the plaintiff, and those under whom he claims, never had the title to said premises, and never were entitled, either legally or equitably, to such title. It follows, from these views, that the court properly dismissed the complaint and gave judgment for the defendant, and that the exception to such decision is untenable. It is unnecessary, in this aspect of the case, to consider the exception taken to the admission and rejection of the testimony offered. The exclusion of that offered, and the admission of that objected to, would not have improved the plaintiff's case, and therefore these rulings worked no injury to him. Without intimating any doubt as to the correctness of the rulings made, it is only needful to add that the decision of the case does not call for any expression of opinion in regard to them.

The judgment appealed from should be affirmed, with costs.

All concur.

Affirmed.